UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REDMELLON, L.L.C., CANAL STREET 1, LLC, and E. NEAL MORRIS, III<br><br>PLAINTIFFS,<br><br>VS.<br><br>MOHAMED "HAMMY" HALUM, 1001 CANAL, L.L.C., 1015 CANAL, L.L.C., 934 CANAL LLC, JOHN C. WILLIAMS, and JOHN C. WILLIAMS ARCHITECTS, L.L.C.<br><br>DEFENDANTS. | CIVIL ACTION NO.<br><br>DISTRICT JUDGE:<br><br>MAGISTRATE: |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs Redmellon, L.L.C., Canal Street 1, LLC, and E. Neal Morris, III, who bring this suit against Mohamed "Hammy" Halum, 1001 Canal, L.L.C., 1015 Canal, L.L.C., and 934 Canal LLC (the "Halum Defendants"), and John C. Williams and John C. Williams Architects, L.L.C., d/b/a Williams Architects (the "Williams Defendants"). As set forth herein, Plaintiffs are entitled to relief for Defendants' unlawful use, appropriation, and infringement of intellectual property and work product developed and owned by the Plaintiffs. Plaintiffs respectfully represent the following:

## PARTIES

1. Plaintiff Redmellon, L.L.C. ("Redmellon"), is a Louisiana limited liability company with its registered office and principal place of business in Orleans Parish, Louisiana. Plaintiff Redmellon has one member: E. Neal Morris, III.

1

2. Plaintiff Canal Street 1, LLC, is a Louisiana limited liability company with its registered office and principal place of business in Orleans Parish, Louisiana. Plaintiff Canal Street 1, LLC, has one member: E. Neal Morris, III.

3. Plaintiff E. Neal Morris, III, is a natural person of the full age of majority who is residing and domiciled in Orleans Parish, Louisiana.

4. Defendant Mohamed "Hammy" Halum is a natural person of the full age of majority who is residing and domiciled in Jefferson Parish, Louisiana.

5. Defendant 1001 Canal, L.L.C., is a Louisiana limited liability company with its registered office and principal place of business in Orleans Parish, Louisiana. On the basis of information and belief, all of the members of 1001 Canal, L.L.C., are domiciled in Louisiana and reside in this judicial district. Defendant Halum is the manager and a member of 1001 Canal, L.L.C.

6. Defendant 1015 Canal, L.L.C., is a Louisiana limited liability company with its registered office and principal place of business in Orleans Parish, Louisiana. On the basis of information and belief, all of the members of 1015 Canal, L.L.C., are domiciled in Louisiana and reside in this judicial district. Defendant Halum is the manager and a member of 1015 Canal, L.L.C.

7. Defendant 934 Canal LLC, is a Louisiana limited liability company with its registered office and principal place of business in Orleans Parish, Louisiana. On the basis of information and belief, all of the members of 934 Canal LLC, are domiciled in Louisiana and reside in this judicial district. Defendant Halum is the manager and a member of 934 Canal LLC.

8. Defendant John C. Williams is a natural person of the full age of majority who is residing and domiciled in Orleans Parish, Louisiana.

9. Defendant John C. Williams Architects, L.L.C., d/b/a Williams Architects, is a Louisiana limited liability company with its registered office and principal place of business in Orleans Parish, Louisiana. On the basis of information and belief, all of the members of John C. Williams Architects, L.L.C., are domiciled in Louisiana and reside in this judicial district.

## JURISDICTION AND VENUE

10. Plaintiff brings this action under Article 1, § 8, cl. 8 of the United States Constitution, the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.*, and Louisiana law.

11. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338. More specifically, this Court has jurisdiction over the Copyright Act claim and certain related claims under Louisiana law pursuant to 28 U.S.C. §§ 1338(a)-(b).

12. This Court has supplemental jurisdiction over Plaintiffs' Louisiana-law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the Copyright Act claim that they arise out of the same transaction or occurrence or the same series of transactions or occurrences, and they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because at least one Defendant resides in this district and all Defendants are residents of Louisiana, and pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## JURY DEMAND

14. Plaintiffs demand a trial by jury on all issues and claims set forth in this Complaint pursuant to the Seventh Amendment of the U.S. Constitution and Federal Rule of Civil Procedure 38(b).

## FACTUAL ALLEGATIONS

15. This action concerns the rehabilitation and redevelopment of the upper floors of 1001, 1005, 1009–1011, and 1015–1017 Canal Street; the rehabilitation and redevelopment of 934 Canal Street; and the addition of a rooftop floor on 1009–1011, 1015–1017, and 934 Canal Street in New Orleans, Louisiana (the "Project"). For many years, the ground floors of those buildings were used for retail outlets along Canal Street, while the upper floors were vacant, unused, and declining.

16. Redmellon is a mission-driven real estate development company based in New Orleans. It has particular experience with historic rehabilitation projects and improving communities by returning blighted properties to productive use.

17. On the basis of information and belief, Defendants 1015 Canal, L.L.C., and 934 Canal LLC own the properties that compose the Project. Defendant Halum approached Plaintiff Morris and Redmellon about developing the upper floors of those properties for use as apartment, short-term rental, and/or hotel space. Beginning in December 2018, Plaintiffs undertook traditional pre-development activities at their own expense. By agreement, Plaintiffs were to be reimbursed for those pre-development expenses after final development agreements were reached and construction financing closed. Plaintiffs also managed interior demolition work at the Project properties, which added considerable value to the Project by reducing environmental and unforeseen-condition risks. Defendant Halum authorized and was aware of the extensive pre-development work and activities, which consumed considerable financial, personnel, and contract resources, all secured and paid for by Plaintiffs.

18. As part of the pre-development activities, Plaintiffs researched the histories of the buildings for submission of state and federal historic rehabilitation tax credit applications. To secure these tax credits, Plaintiffs had to come up with creative solutions for the Project's challenges, including preserving the historical significance of the buildings, complying with modern building and life-safety code requirements, and maintaining the first-floor retail space.

19. Redmellon retained Trapolin-Peer Architects, at Redmellon's expense, to develop designs, drawings, architectural plans, structural engineering plans, mechanical plans, electrical plans, plumbing plans, specifications, and construction documents (the "Project Design Materials"). Redmellon and Trapolin-Peer Architects developed designs that included rooftop additions of penthouse suites, while also unifying the upper floors of 1001, 1005, 1009–1011, and 1015–1017 Canal Street by converting the upper floors into a hotel—all without losing the retail space on the first floors of the buildings.

20. Redmellon retains a registered copyright to the designs reflected in the Project Design Materials. The Project Design Materials include, for example, the architectural designs and technical drawings for 934 Canal Street Restoration & Renovation (Copyright Registration Number VAu 1-507-328) and 1001-1015 Canal Street Restoration & Renovation (Copyright Registration Number VAu 1-507-329) owned by Redmellon (collectively, the "Copyrighted Plans"). The Halum Defendants were and are in possession of all the Project Design Materials, and the Halum Defendants and Williams Defendants have had access to these materials and other work product of the Plaintiffs.

21. Proceeds from the sale of state and federal historic rehabilitation tax credits were identified from the outset as a proposed permanent financing source for the Project; indeed, such credits were and are essential to the success of the Project. As part of the pre-development

5

activities, Plaintiffs, acting with and through their agents and affiliates, prepared various Louisiana Historic Rehabilitation Commercial Tax Credit Applications with the Louisiana Office of Cultural Development, Division of Historic Preservation, and Historic Preservation Certification Applications with the Department of Interior, National Parks Service (collectively, "Tax Credit Applications") for the Project. Preparing the Tax Credit Applications required considerable time, personnel, and contract resources and depended on work product developed and owned by Plaintiffs. The Tax Credit Applications contained specific references to the Copyrighted Plans.

22. For example, in preparing Part 1 of the Tax Credit Applications, Plaintiffs (1) performed extensive research to learn and document the historical significance of the buildings and to describe the major features of the buildings that compose the Project, including previous changes and alterations; and (2) prepared photographs and maps reflecting the buildings' historical significance.

23. In preparing Part 2 of the Tax Credit Applications, Plaintiffs described the rehabilitation work to be performed on the buildings, including through preparation and submission of photographs, architectural designs, and technical drawings. Plaintiffs' designs included rooftop additions to the Project properties, as well as the unification of 1001, 1005, 1009–1011, and 1015–1017 Canal Street by converting the upper floors into a hotel.

24. Initially, the United States Department of Interior, National Parks Service denied certification of Part 2 for 1001, 1005, 1009–1011, and 1015–1017 Canal Street because of the visibility of the rooftop additions and potential for negative impacts to the historic district. Plaintiffs successfully appealed the National Parks Service's denial by establishing that Plaintiffs' proposed rooftop additions would be minimally visible and would be consistent with the historical

character and appearance of the buildings composing the Project, resulting in a reversal of the denial. That reversal added value to the Project.

25. Completion of Parts 1 and 2, as well as the appeal process, required Plaintiffs to expend significant resources and rely on Plaintiffs' pre-development activities and Project Design Materials, including the Copyrighted Plans, that were prepared and are owned by Plaintiffs.

26. Despite their awareness of the significant effort and cost of Plaintiffs' pre-development activities, the Halum Defendants would not approve a final, binding development agreement with and involving Plaintiffs. But Plaintiffs retained ownership of all work product developed through Plaintiffs' pre-development activities. Furthermore, after Plaintiffs' day-to-day work on the Project subsided, Defendant Halum made overtures to acquire Plaintiffs' work product and Project Design Materials on the cheap. Plaintiffs rejected those overtures and made clear to Defendant Halum that he and the Halum Defendants did not have authorization to use or profit from the effort, work product, or Project Design Materials of the Plaintiffs if they intended to proceed with the Project without the Plaintiffs' participation. They could start from scratch without the Plaintiffs, but they could not use and benefit from the Plaintiffs' work while depriving the Plaintiffs of their expected economic benefits from a successful Project.

27. At some point in 2021, the Williams Defendants began working with the Halum Defendants on a substantially similar plan to redevelop 1001, 1005, 1009–1011, and 1015–1017 Canal Street, including through the addition of rooftop floors to the Project properties and the unification of the upper floors of the Project by converting them into a hotel. Redmellon expressly advised the Williams Defendants of its copyrights to the Project Design Materials and that Redmellon had not granted permission for Defendant Halum or any related person or entity to use those materials, including any plans created by Trapolin-Peer Architects. The City of New Orleans

issued building permits for the Project on January 27, 2023, and construction is ongoing. The designs submitted by the Williams Defendants in connection with securing those permits reflect significant and substantially similar elements of the Project Design Materials, including the Copyrighted Plans, especially regarding the unification of the Project properties and addition of rooftop floors.

28. On information and belief, Plaintiffs further allege that the Defendants incorporated and copied significant and substantially similar elements of the Project Design Materials, including the Copyrighted Plans, into the planning, development, and construction of the Project without consent or authorization, including designs related to the unification of 1001, 1005, 1009–1011, and 1015–1017 Canal Street by converting the upper floors into a hotel and addition of a rooftop floor for penthouse suites.

29. The Halum Defendants knew that they were entitled to copy, use, rely on, or share the Project Design Materials, including the Copyrighted Plans, only if a final development agreement was reached with Plaintiffs.

30. On information and belief, Plaintiffs allege that the Williams Defendants, as licensed architects, knew that the Project Design Materials, which were clearly marked with "Trapolin-Peer Architects," were subject to copyright protection, and the Williams Defendants were on notice to investigate the propriety of using those plans as a basis for any subsequent planning, development, and construction related to the Project. Further, the Williams Defendants were put on express notice of Plaintiffs' ownership of the work product developed through Plaintiffs' pre-development activities, including creation of the Project Design Materials.

31. Despite their decision to proceed with the Project without the participation of the Plaintiffs, on the basis of information and belief, the Halum Defendants did not file new tax credit

applications with the relevant Louisiana and federal authorities. Instead, the Halum Defendants, with the assistance of and participation by the Williams Defendants, have attempted to use and benefit from the Tax Credit Applications developed and submitted by Plaintiffs, which applications remain pending. Again, those Tax Credit Applications were developed by Plaintiffs, are Plaintiffs' work product, and reference and depend on the Project Design Materials and Copyrighted Plans. The Halum Defendants and Williams Defendants are in regular communication with the Louisiana Office of Cultural Development, Division of Historic Preservation, and the Department of Interior, National Parks Service, regarding the Tax Credit Applications. They have obtained or are seeking amendments to the Tax Credit Applications (including within the last year) and are relying on designs initially submitted by Plaintiffs and the reversal obtained by Plaintiffs of the National Park Service's initial denial of the Part 2 certification for 1001, 1005, 1009–1011, and 1015–1017 Canal Street. The Defendants did not advise Plaintiffs of or obtain their consent to amend any part of the submitted Tax Credit Applications. The Project properties do not become a certified rehabilitation eligible for tax credits until construction is completed and the tax credit authorities approve the third part of the application process, Part 3 – Request for Certification of Completed Work. All amendments to the Tax Credit Applications and any Part 3 – Request for Certification of Completed Work submissions will use and depend on Plaintiffs' work product, Project Design Materials, and Copyrighted Plans. On the basis of information and belief, the Halum Defendants and Williams Defendants are planning to submit Part 3 requests to the Tax Credit Applications that were originally prepared by Plaintiffs.

32. To date, Plaintiffs have not been compensated for their pre-development activities, including, without limitation, (1) their creation of the Project Design Materials that Defendant Halum used without Plaintiffs' permission or license, and which were relied on by all Defendants

in subsequent planning, development, and construction undertaken in connection with the Project and their ongoing actions concerning the Tax Credit Applications; and (2) the substantial time, resources, and costs expended by Plaintiffs in preparing Part 1 and Part 2 of the Tax Credit Applications, which relied on the Project Design Materials, and in successfully appealing the denial of certification for Part 2 of the Tax Credit Applications.

## CAUSES OF ACTION

### COUNT I – THE HALUM DEFENDANTS AND WILLIAMS DEFENDANTS VIOLATED THE COPYRIGHT ACT BY COPYING CONSTITUENT ELEMENTS OF THE PROJECT DESIGN MATERIALS, INCLUDING THE COPYRIGHTED PLANS

33. Redmellon adopts, realleges, and incorporates by reference the preceding allegations of this Complaint as if copied herein *in extenso*.

34. Redmellon is the owner of a valid copyright in the architectural designs and technical drawings for 934 Canal Street Restoration & Renovation (Copyright Registration Number VAu 1-507-328) and 1001-1015 Canal Street Restoration & Renovation (Copyright Registration Number VAu 1-507-329).

35. The Halum Defendants and Williams Defendants violated Redmellon's exclusive rights in its Copyrighted Plans, including, but not limited to, the right of reproduction and/or the right to prepare derivative works based on the Copyrighted Plans. 17 U.S.C. §§ 106(1)-(2).

36. Defendant Halum knew that the Project Design Materials, including the Copyrighted Plans, were exclusively owned by Redmellon. Defendant Halum did not pay for the use of the Copyrighted Plans, nor did Defendant Halum sign any proposal that would have granted him exclusive use of the Copyrighted Plans as the basis for any subsequent architectural designs or technical drawings, or any subsequent planning, development, and construction undertaken in

connection with the Project, including any partial or complete redesign or the continued use of or reliance on those plans in preparing amendments to the Tax Credit Applications.

37. On the basis of information and belief, the Halum Defendants and Williams Defendants incorporated significant and substantially similar elements of the Project Design Materials, including the Copyrighted Plans, into subsequent architectural designs and technical drawings, and the planning, development, and construction of the Project without consent or authorization, including the unification of 1001, 1005, 1009–1011, and 1015–1017 Canal Street by converting the upper floors into a hotel and addition of a rooftop floor for penthouse suites. The Defendants had access to the Project Design Materials, including the Copyrighted Plans, as those materials were provided to Defendant Halum. These Defendants' actions violate Redmellon's right to reproduce the Copyrighted Plans and/or to prepare derivative works based on the Copyrighted Plans. Redmellon seeks and is entitled to recover the actual damages suffered by it as a result of the infringement and any profits attributable to this infringement.

**COUNT II – BREACH OF CONTRACT AGAINST THE HALUM DEFENDANTS**

38. Plaintiffs adopt, reallege, and incorporate by reference the preceding allegations of this Complaint as if copied herein *in extenso*.

39. The Halum Defendants knew and agreed that they could not use or benefit from the Plaintiffs' work product, Project Design Materials, and/or Copyrighted Plans if they proceeded with the Project without the Plaintiffs' participation. The Halum Defendants breached that agreement and did so knowingly and in bad faith.

40. Without limiting the generality of the foregoing, the Halum Defendants breached their agreement by, *inter alia*, (1) continuing to use and rely on the Project Design Materials while knowing that such use was unauthorized; (2) failing to adequately compensate Plaintiffs for their

11

pre-development activities; and (3) continuing to pursue the Tax Credit Applications rather than filing new applications.

41. Plaintiffs have been damaged by those breaches, and they are entitled to and hereby request a judgment awarding them damages in an amount to be proven at trial for the loss sustained and the profit of which they have been deprived, together with costs, attorneys' fees, and prejudgment interest.

### COUNT III – LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT CLAIM AGAINST THE HALUM DEFENDANTS AND THE WILLIAMS DEFENDANTS

42. Plaintiffs adopt, reallege, and incorporate by reference the preceding allegations of this Complaint as if copied herein *in extenso*.

43. The Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA") prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." La. R.S. 51:1405(A). LUTPA grants a private right of action to "[a]ny person who suffers any ascertainable loss" as a result of the unlawful conduct. La. R.S. 51:1409(A). A plaintiff can recover under LUTPA by showing that a defendant engaged in some practice that is immoral, unethical, oppressive, unscrupulous, or substantially injurious.

44. The Halum Defendants and Williams Defendants' immoral, unethical, oppressive, unscrupulous, and substantially injurious activities, as described herein, constitute unlawful or fraudulent trade practices under LUTPA, La. R.S. 51:1401 *et seq.*

45. The Halum Defendants and Williams Defendants have engaged in unethical, unfair, and unlawful conduct and competition, including, but not limited to, (1) continuing to use and rely on the Project Design Materials without Plaintiffs' consent or involvement in the Project; (2) continuing to use, rely on, and benefit from Plaintiffs' pre-development activities;

(3) continuing to pursue the Tax Credit Applications rather than filing new applications; and (4) incorporating significant and substantially similar elements of the Project Design Materials, including the Copyrighted Plans, into the planning, development, and construction of the Project without consent or authorization, including designs related to the unification of 1001, 1005, 1009–1011, and 1015–1017 Canal Street by converting the upper floors into a hotel and addition of a rooftop floor for penthouse suites. The Defendants' practices constitute unfair competition and deceptive practices in violation of LUTPA and in violation of public policy.

46. Plaintiffs have suffered ascertainable losses as a result of the Defendants' unfair trade practices in violation of LUTPA, including but not limited to (1) the cost of creating the Project Design Materials; (2) the resources devoted to conducting the pre-development activities and preparing and pursuing the Tax Credit Applications; and (3) the economic benefits that Plaintiffs would have realized from the authorized use of their work product, development efforts, and Project Design Materials.

47. Defendants' ongoing actions are a continuing violation of the law that is causing damage to Plaintiffs.

48. Plaintiffs are entitled to recover from Defendants their actual damages, attorney's fees, and any other damages available under LUTPA.

**COUNT IV – CIVIL CONSPIRACY AGAINST ALL DEFENDANTS**

49. Plaintiffs adopt, reallege, and incorporate by reference the preceding allegations of this Complaint as if copied herein *in extenso*.

50. The Halum Defendants and Williams Defendants entered into an agreement to use and take advantage of Plaintiffs' work product without their consent or involvement in the Project. The Halum Defendants and Williams Defendant further agreed to (1) proceed with and submit

amendments to the Tax Credit Applications, which were prepared by Plaintiffs and relied on the Project Design Materials, including the Copyrighted Plans; and (2) incorporate significant and substantially similar elements of the Project Design Materials, including the Copyrighted Plans, into the planning, development, and construction of the Project.

51. The Defendants actually deprived Plaintiffs of the expected benefit of their work product and did (1) proceed with and submit amendments to the Tax Credit Applications, with plans to submit Part 3 requests for certification to the Tax Credit Applications; and (2) incorporate significant and substantially similar elements of the Project Design Materials, including the Copyrighted Plans, into the planning, development, and construction of the Project.

52. By agreeing and conspiring to commit these willful and intentional acts, the Halum Defendants and the Williams Defendants are answerable *in solido* for their agreement to deprive Plaintiffs of the expected benefit of Plaintiffs' work product and actions taken in furtherance of that agreement.

## COUNT V – UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

53. Plaintiffs adopt, reallege, and incorporate by reference the preceding allegations of this Complaint as if copied herein *in extenso*.

54. Solely in the alternative, in the event that Plaintiffs do not have an adequate remedy at law against the Halum Defendants and Williams Defendants, then the Defendants have been unjustly enriched at the expense of Plaintiffs. The Defendants have been enriched by the impoverishment of Plaintiffs in a number of ways, including through (1) the development, at Plaintiffs' expense, of the Project Design Materials subsequently used and relied on by the Defendants in connection with the Project and the submission of amendments to and ongoing pursuit of the Tax Credit Applications; (2) Plaintiffs' pre-development activities; and (3) using and

taking advantage of Plaintiffs' work product without their consent or involvement in the Project. Moreover, there is a direct connection between the Defendants' enrichment and Plaintiffs' impoverishment; there is an absence of justification or cause for the enrichment and impoverishment; and, in the event that the Court should find the absence of a legal claim against the Defendants, Plaintiffs lack a remedy at law.

55. Plaintiffs are entitled to restitution and/or damages from the Defendants in an amount to be proven at trial based on their unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Redmellon, L.L.C., Canal Street 1, LLC, and E. Neal Morris, III, respectfully pray that this Complaint be deemed good and sufficient; that Defendants be served with a copy of same; that, after due proceedings, judgment be entered in favor of Plaintiffs and against Defendants for all such damages as are reasonable under the premises set forth herein, together with pre- and post-judgment interest; for all costs of this proceeding, as well as penalties and attorneys' fees to the extent applicable; and for all other general and equitable relief to which Plaintiffs may be entitled.

Respectfully submitted,

*/s/ Brandon A. Naquin*
W. Raley Alford, III (No. 27354), T.A.
Bryan C. Reuter (No. 23910)
Brandon A. Naquin (No. 39998)
STANLEY REUTER
   THORNTON ALFORD LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Fax: (504) 524-0069
wra@stanleyreuter.com
bcr@stanleyreuter.com
ban@stanleyreuter.com

*Counsel for Redmellon, L.L.C., Canal Street 1, LLC, and E. Neal Morris, III*