UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REDMELLON, L.L.C., CANAL STREET 1, L.L.C. and E. NEAL MORRIS, III | CIVIL ACTION NO. 2:23-cv-05754 |
| VERSUS | DISTRICT JUDGE: GUIDRY |
| MOHAMED "HAMMY" HALUM, 1001 CANAL, L.L.C., 1015 CANAL, L.L.C., 934 CANAL, L.L.C., JOHN C. WILLIAMS, and JOHN C. WILLIAMS ARCHITECTS, L.L.C. | MAGISTRATE JUDGE: NORTH |

### ORDER AND REASONS

The Court has before it two Motion to Dismiss, one filed by Defendant Mohamed Halum, R. Doc. 15, and one filed by Defendant John C. Williams, R. Doc. 16. Plaintiffs Redmellon, L.L.C., Canal Street 1, L.L.C., and E. Neal Morris, III (collectively "Plaintiffs") oppose the Motions, R. Docs. 19; 20, and Halum and Williams have filed reply memoranda, R. Docs. 24; 25. Halum and Williams both seek the dismissal of all claims raised against them by Plaintiffs for failure to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). They argue that, although Plaintiffs' Complaint, R. Doc. 1, names them as individual defendants, all the factual allegations Plaintiffs make pertain to actions Halum or Williams took in their capacities as members of limited liability company ("LLC") Defendants 1001 Canal, L.L.C., 1015 Canal, L.L.C., 934 Canal, L.L.C., as to Halum, or John C. Williams Architects, L.L.C., as to Williams. *See* R. Docs. 15-1; 16-1.

Under Louisiana law, a member of an LLC is not liable for the debts, obligations, or liabilities of the LLC, and "is not a proper party to a proceeding . . . against [the] limited liability company[.]" La. R.S. 12:1320(B–C). However, this protection from liability does not preclude

1

claims against an LLC member for "fraud[,]" "breach of professional duty, or other negligent or wrongful act[s]" based upon his individual conduct. La. R.S. 12:1320(D). Plaintiffs argue their claims against Halum and Williams individually fall under at least one of those exceptions and are thus not barred by La. R.S. 12:1320(B). *See* R. Docs. 19 at 7–18; 20 at 6–15.

But Plaintiffs' Complaint is unclear as to what conduct Plaintiffs allege in support of their claims against the LLC Defendants, and what conduct they allege in support of their claims against Halum and Williams individually. Nearly all factual allegations are made collectively against the "Halum Defendants" or the "Williams Defendants" and the Complaint raises no claim against Halum or Williams which is not also raised against their associated LLCs. *See* R. Doc. 1. This creates the distinct impression that Plaintiffs are attempting to hold Halum and Williams jointly and severally liable with their LLCs for all conduct alleged in this case in violation of La. R.S. 12:1320(B). It also prevents the Court from fairly assessing whether the allegations supporting Plaintiffs claims against Halum or Williams individually fall into one of the exceptions in La. R.S. 12:1320(D) and renders Plaintiffs' Complaint insufficient to satisfy the pleading standard in Rule 8(a)(2). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting a complaint must give a defendant fair notice of what the claims against him are and the grounds upon which they rest). Therefore, Plaintiffs' claims against Halum and Williams individually are inadequately pleaded and must be dismissed.

However, Plaintiffs request leave to amend their Complaint should the Court find it deficient. "The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. Proc. 15(a)(2). "Granting leave to amend is especially appropriate, in cases such as this, when the trial court has dismissed the complaint for failure to state a claim." *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977). Plaintiffs have not previously amended their

Complaint and the Court cannot hold on the record before it at this stage that any amendment Plaintiffs might make would be futile. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (noting a court need not grant leave to amend if the amendment would be futile). Accordingly;

**IT IS ORDERED** that Halum and Williams's Motions to Dismiss, R. Docs. 15; 16, are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs are hereby **GRANTED LEAVE** to file an amended complaint in this matter no later than February 16, 2024. Should Plaintiffs fail to do so, Halum and Williams will be dismissed as defendants to this action without further notice.

New Orleans, Louisiana, this 2nd day of February, 2024.

_____
Greg Gerard Guidry
United States District Judge

3